IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA R. FINLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN LINDQUIST, et al.,<br><br>        Defendants. | No. 16-cv-4796 CRB<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE** |

Plaintiff LaTonya Finley, proceeding pro se and in forma pauperis, has filed a second amended complaint. Pursuant to 28 U.S.C. section 1915, the case is DISMISSED, this time WITH PREJUDICE.

## I.     BACKGROUND

Magistrate Judge Kim twice dismissed Finley's complaint under 28 U.S.C. section 1915 based on "(1) failure to establish the jurisdiction of the district court; (2) violation of the Rooker-Feldman doctrine; and (3) representation of a non-profit organization . . . by an unlicensed pro se plaintiff." Order Dismissing FAC (dkt. 16) at 1. Finley was given "one additional opportunity" to cure those defects by November 23, 2016. She filed a second amended complaint on November 29, 2016 – six days late. See SAC (dkt. 21). The case was then reassigned to this Court.[1] See Order Reassigning Case (dkt. 22).

Finley's allegations boil down to (i) a claim that employees of the California Franchise Tax Board failed to "issue a certificate of reviver" to Future Insight, Inc. and

---

[1] Defendant Eugene Schneider, acting pro se, filed an answer to the first amended complaint on November 4, 2016, three days after that complaint was dismissed. See Answer to FAC (dkt. 18). Defendants John Lindquist, Rhonda Nearman, and Dennis Candy – three state employees – moved to dismiss the second amended complaint on December 14, 2016. See MTD (dkt. 24). To spare the parties the burden of further filings, the Court acts pursuant to 28 U.S.C. section 1915.

1

unlawfully continued collecting taxes from the organization, which cost Finley her job,[2] as well as (ii) a claim that a lawyer's dishonest conduct tainted a state-court property dispute. See SAC at 3-6.

## II. LEGAL STANDARD

Under 28 U.S.C. section 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. See Castillo v. Marshall, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Franklin v. Murphy, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (citations omitted).

## III. DISCUSSION

Putting timeliness issues to the side, Finley has again failed to establish subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts may assert diversity jurisdiction over civil actions between "citizens of different States" where "the matter in controversy exceeds $75,000" under 28 U.S.C. section 1332. They may also assert federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the Unites States" under 28 U.S.C. section 1331.

Finley, for good reason, does not maintain that diversity jurisdiction applies here. All parties are citizens of California. See SAC at 2. And though she contends that the Court has federal question jurisdiction over her claims, the complaint provides no hint as to what about her case arises under federal law. See id.

---

[2] So, rather than overtly asserting claims on behalf of Future Insight, Inc., Finley couches those claims as her own this time around. Compare FAC (dkt. 14) at 4, with SAC at 4.

Given that four defendants are state employees, the complaint could be read as bringing claims under 18 U.S.C. section 1983 against those four defendants.[3] But to state such a claim, Finley "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead the first element, she must identify what constitutional or other federal right was violated, providing sufficient facts to plausibly support each alleged violation. See, e.g., Drawsand v. F.F. Props., L.L.P., 866 F. Supp. 2d 1110, 1121 (N.D. Cal. 2011). Mere "passing references" to federal rights will not do, id., and Finley does not even have those, see SAC 2-6.[4]  This case concerns state law, and state law alone.  It belongs in state court.

## IV.  CONCLUSION

Because Finley has not established a basis for subject matter jurisdiction over any of her claims, and because that defect cannot be cured without contradicting the original complaint, the Court DISMISSES Finley's second amended complaint WITH PREJUDICE. See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013); Reddy v. Litton Ind., 912 F.2d 291, 296 (9th Cir. 1990).

**IT IS SO ORDERED.**

Dated: December 16, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] The same cannot be said for the claims against Defendants Schneider and American Contractors Indemnity Company. See SAC at 2. Furthermore, Finley's claim against Schneider continues to be barred by the Rooker-Feldman doctrine, as it appears to relate to an action pending in state court. See SAC at 5-6; D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995). Finley makes no mention of what American Contractors did, but to the extent it concerns the state court action, the result is the same.

[4] What is more, the complaint continues to allege that the defendant state employees acted against Future Insight, Inc. – not Finley herself. So even if those actions had some downstream effects on her, see SAC at 4, and even if they violated Future Insights federally protected rights, Finley still could not "rest h[er] claim to relief on the legal rights or interests of third parties," Warth v Seldin, 422 U.S. 490, 499 (1975). As before, she does not have standing. See Order Dismissing FAC at 2.

3